*137 OPINION.
Lansdon :
The Commissioner advised the petitioner of deficiencies for the years 1918 and 1920, and of overassessments for the years 1917 and 1919. There is nothing in the record, either in the way of evidence adduced by the petitioner or admissions by the Commissioner, that indicates the basis for the overassessments or that they were made in circumstances that would justify us in redetermining tax liability for the years in which they were found. We hold, therefore, that our only function here is to redetermine the petitioner’s tax liability for the years 1918 and 1920, as to which the Commissioner has asserted deficiencies in the amounts set forth supra. Appeal of W. H. Morefield, 4 B. T. A. 394; Appeal of Cornelius Cotton Mills, 4 B. T. A. 255.
The sale contracts of lots in the two tracts of land subdivided by the petitioner provided for an initial cash payment of 10 per cent of the purchase price and 1 per cent monthly payments, including interest, thereafter, until the entire purchase price debt should be discharged. The petitioner contends that he received no taxable income until his receipts from payments exceeded the cost of the land and that he had the option to report such income either on the installment basis or after complete recoupment of his capital investment. This may be true, but the so-called completed transaction basis is another recognized method for reporting income from transactions of the nature here involved; The effect of the first method would be to distribute the taxable income derived from such sales over all the years that elapsed before the final payment was made on the last lot that was sold. The second method would postpone the return of any part of the receipts from sales as income until all capital expenditures were replaced.' If the accrual or completed transaction method is used the entire profit was taxable income in 1916 or prior years;
In his original income-tax returns for several of the years in question the petitioner computed his taxable income from the sale of lots by what he calls the percentage method. The evidence indicates that such computation was in effect the use of the installment *138 basis. It is apparent, therefore, that the petitioner elected to return the income resulting from the sale of lots on the instalhnent basis. This choice must have been considered and doubtless was made because it was deemed to best serve the interests of the petitioner. Having once made his election, the petitioner should not be allowed to change to a different basis merely because subsequent legislation or other events made it to his interest so to do.. We are of the opinion that the petitioner’s income from the sale of lots, in the circumstances set forth in our findings of fact, should be computed, reported, and taxed on the installment basis.
The petitioner contends that he sustained a loss on the stock of the Lozier Motor Car Co. in the year 1917, and asks for the deduction of such loss from his gross income for that year. Since no deficiency is asserted for the year 1917, we are of the opinion, as set forth supra, that we have no authority to redetermine tax liability of the petitioner for that year, and therefore make no decision either as to the fact or date of the alleged loss.

Judgment will be entered for the respondent on 10 days’ notice, wider Rule 50.